IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Armavia AVIACOMPANY, LLC and ARMAVIA USA, INC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO: 4:11-cv-01075 |
| TRANSAMERICA INVESTMENT GROUP, INC., d/b/a SKYCARGO SOLUTIONS, INC., JOHN B. BERRY, individually, and PATRICIA P. BERRY, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT PATRICIA P. BERRY'S MOTION
### TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE:

Defendant Patricia P. Berry files this Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and in support thereof shows as follows:

**PROCEDURAL BACKGROUND**

1.      On March 23, 2011, Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc. ("Plaintiffs') filed their Original Complaint against TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc., John B. Berry and Patricia P. Berry. Plaintiffs allege causes of action for breach of agreement, conversion, money had, fraud and RICO violation under 18 USC § 1962. Plaintiffs have alleged only the latter two causes of action against Defendant Patricia P. Berry ("P. Berry").

2.      Defendant TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc. has already made an appearance.

## STANDARD OF REVIEW

3. To avoid dismissal under Rule 12(b)(6), a complaint must contain facts which, when accepted as true, are sufficient to "'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Great Lakes Dredge*, 624 F.3d at 210 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). In deciding whether the complaint states a plausible claim for relief, the Court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). The Court, however, does not accept as true any "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Great Lakes Dredge*, 624 F.3d at 210 (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Iqbal*, 129 S.Ct. at 1940).

## ARGUMENT AND AUTHORITIES

4. In their Original Complaint, Plaintiffs allege that P. Berry is an officer or director of at least three organizations registered in the State of Texas and none of them has more than three officers or directors and several share addresses. Plaintiffs also allege that P. Berry was sued and the plaintiff was awarded summary judgment and uncovered facts showing a corporate entity had used money paid by the plaintiff to pay P. Berry's personal expenses. Even if Plaintiffs prove each of these allegations, Plaintiffs have not set forth the essential elements of a claim upon which relief can be granted.

5. Plaintiffs have attempted to state a cause of action for fraud and RICO violations

against P. Berry.  Plaintiffs, however, did not allege facts demonstrating that P. Berry engaged in fraud or RICO violations.  Even if Plaintiffs prove the facts alleged in their Original Complaint, they cannot prove the elements necessary to support such claims.

### A. Plaintiffs have failed to state a claim against P. Berry for fraud

6.   In Texas,

> [t]he elements of fraud … are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.1997).  Furthermore, 'pursuant to Rule 9(b), a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1231, 1291 (11th Cir. 2010); *see also Williams*, 112 F.3d at 177.

7.   Plaintiffs have not alleged that P. Berry made a misrepresentation that was material and that was false.  Likewise, as expected due to the lack of allegations of any representations, Plaintiff have not alleged that P. Berry knew the representation was false when it was made or made it recklessly without any knowledge of its truth.  Plaintiffs also have not alleged that P. Berry made any false representations with the intent that Plaintiffs should act on the representations.  Plaintiffs have also not alleged that they relied on the representation or that the representation caused

3

Plaintiffs to suffer injury. Plaintiffs have also not plead or shown the time and place of the statement, the content and manner in which the statements misled the Plaintiffs or what the Defendants gained by the alleged fraud.

### B. Plaintiffs have failed to state a claim against P. Berry for RICO violations.

8. Plaintiffs have asserted a claim for RICO Violation under 18 U.S.C. § 1962 against P. Berry. Section 1962 contains four subsections. *See In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993). According to the Fifth Circuit Court of Appeals, those subsections, when stated in plain English, state:

> (a)  a person who has received income from a pattern of racketeering cannot invest that income in an enterprise.
>
> (b)  a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering.
>
> (c)  a person who is employed by or associated with an enterprise cannot conduct the enterprise's affairs through a pattern of racketeering.
>
> (d)  a person cannot conspire to violate subsections (a), (b), or (c).

*In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993).

9. "Thus, RICO claims under all four subsections necessitate: '1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Id.* at 741-42 (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). The Fifth Circuit also explains that element 2 has two components: (i) predicate acts--the requisite racketeering activity and (ii) a pattern of such acts. *Burzynski*, 989 F.2d 733, 742 (citing *Delta Truck*, 855 F.2d at 242-43). Furthermore, in order to allege a pattern of such

4

acts, the acts must be related and have continuity. *Burzynski*, 989 F.2d 733, 742. Continuity is shown when the predicate acts amount to or threaten continuing racketeering activity. *Id*.

10. Here, Plaintiffs have not alleged facts showing P. Berry received income from a pattern of racketeering and invested that income in an enterprise, that P. Berry acquired or maintained an interest in an enterprise through a pattern of racketeering, that P. Berry is employed by or associated with an enterprise and has conducted the enterprise's affairs through a pattern of racketeering or that P. Berry has conspired to violate subsections (a), (b), or (c) of Section 1962. In other words, Plaintiffs have not alleged facts showing that P. Berry has engaged in a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise.

11. Perhaps more significantly, Plaintiffs have not alleged any facts showing the requisite predicate acts or any pattern showing the predicate acts amount to or threaten continuing racketeering activity. Indeed, the Original Complaint completely fails to allege any facts relating to continuity of racketeering activity or any facts relating to any future activity.

12. Since Plaintiffs have made no allegations showing that P. Berry committed fraud or RICO violations under 18 U.S.C. § 1962, her Motion to Dismiss for Failure to State a Claim should be granted.

## CONCLUSION

FOR THESE REASONS, Defendant Patricia P. Berry respectfully requests the Court grant her Motion to Dismiss for Failure to State a Claim and enter an Order dismissing Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc.'s claims and causes of action against Defendant. Defendant further requests all other relief, at law and in equity, to which she is justly entitled.

Respectfully submitted,

/s/ William W. Rucker

_____

William W. Rucker
Attorney-in-Charge
TBA No. 17366500
SDT No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-528-2800
Facsimile: 713-528-5011
Attorney for Defendant