IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Armavia AVIACOMPANY, LLC and ARMAVIA USA, INC. )<br><br>Plaintiffs, )<br><br>v. )<br><br>TRANSAMERICA INVESTMENT GROUP, INC., d/b/a SKYCARGO SOLUTIONS, INC., JOHN B. BERRY, individually, and PATRICIA P. BERRY, individually, )<br><br>Defendants. ) | CIVIL ACTION NO: 4:11-cv-01075 |

### DEFENDANT JOHN B. BERRY'S ORIGINAL
### ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Defendant John B. Berry ("J. Berry" or "Defendant") files this Original Answer to Plaintiff's[1] Original Complaint and in support thereof show as follows:

#### A. Specific Admissions and Denials

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendant admits that SCS is a Texas corporation. Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. Defendant denies that Patricia P. Berry is a director of SCS as alleged in paragraph 4 of Plaintiff's Original Complaint. Defendant admits the remaining allegations in paragraph 4 of Plaintiff's Original Complaint.

---

[1] There are two Plaintiffs but their Complaint is entitled "Plaintiff's Original Complaint."

5. Defendant admits the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Original Complaint.

7. Defendant admits the allegation in paragraph 7 of Plaintiff's Original Complaint that SCS holds itself out as having expertise in aircraft leasing, structured financing, and aircraft marketing. Defendant denies the remaining allegations in paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits the allegation that Armavia and SCS signed the HOA in paragraph 8 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 8 of Plaintiff's Original Complaint.

9. Defendant admits that the HOA was mutually negotiated through a number of revisions over a period of weeks and the HOA obligated the parties to specific duties and included warranties and representations with respect to the allegations in paragraph 9 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits the allegations in paragraph 10 of Plaintiff's Original Complaint.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits the HOA did not contain a provision that it had to subsequently increase its net worth by the amount identified in paragraph 12 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 12 of Plaintiff's Original Complaint.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Original Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Original Complaint.

20. Defendant admits that John Berry and Patricia Berry were sued by T-M Vacuum and the claims of T-M Vacuum are accurately summarized as alleged in paragraph 20 of Plaintiff's Original Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of Plaintiff's Original Complaint.

21. The allegations in paragraph 21 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

22. Defendant admits the HOA is a valid and enforceable contract between Armavia and SCS as alleged in paragraph 22 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 22 of Plaintiff's Original Complaint.

Case 4:11-cv-01075   Document 13   Filed in TXSD on 04/20/11   Page 4 of 7

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Original Complaint.

26. The allegations in paragraph 26 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Original Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Original Complaint.

29. The allegations in paragraph 29 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. The allegations in paragraph 31 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Original Complaint.

34. Defendant admits Armavia and SCS signed the HOA and Armavia sent the Deposit to SCS as alleged in paragraph 34 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Original Complaint.

37. The allegations in paragraph 37 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Original Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Original Complaint.

### B. Affirmative Defenses

42. Plaintiffs' claims and causes of action are barred by applicable statutes of limitation. The statutory time periods have elapsed between the acts about which Plaintiffs complain and the

filing of this action.

43. Plaintiffs' claims and causes of action are barred by their prior material breach of the contract at issue. Plaintiffs breached the contract in numerous manners such as (i) making false representations and warranties regarding their financial strength, equity, credit rating, capacity, ability, and desire to perform all aspects of the transaction at issue; (ii) failing to provide financial documents as required by the contract; (iii) providing documents, information and communications that were not accurate and true and correct as required by the contract; (iv) providing documents, information and communications that were misleading in presentation.

44. Plaintiffs' claims and causes of action are barred by the affirmative defense of fraud. Plaintiffs engaged in numerous fraudulent acts such as (i) making false representations and warranties regarding their financial strength, equity, credit rating, capacity, ability, and desire to perform all aspects of the transaction at issue; (ii) providing documents, information and communications that were not accurate and true and correct as required by the contract and (iii) providing documents, information and communications that were misleading in presentation. Plaintiffs intended that Defendant rely on such false representations and warranties and such documents, information and communications. Defendant relied on such false representations and warranties and such documents, information and communications in entering into the transaction and contract at issue and suffered injury due to such reliance.

45. Plaintiffs' claims and causes of action are barred by the affirmative defense of failure of consideration. Plaintiffs failed to perform its obligations and breached the contract as described in paragraph 43 and such failure and breach relieved Defendant of its obligation to perform.

46. Plaintiffs' claims and causes of action are barred by the affirmative defenses of

waiver and estoppel.  Plaintiffs have waived their right to complain and are estopped from complaining about Defendant's performance of the contract due to Plaintiffs' conduct as described in paragraphs 43 and 44.

47. Plaintiffs' claims and causes of action are barred by their failure to mitigate.

48. Plaintiffs' claims and causes of action are barred by the express terms of the contract at issue.  The contract states that the amounts paid to Defendant shall be deemed non-refundable in the event of Lessee default or non-compliance.

### C.  Conclusion

FOR THESE REASONS, Defendant John B. Berry respectfully requests, upon final trial hereof, the Court enter a take nothing judgment against Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc.  Defendant further requests all other relief, at law and in equity, to which he is justly entitled.

Respectfully submitted,

/s/ William W. Rucker
_____

William W. Rucker
Attorney-in-Charge
TBA No. 17366500
SDT No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-528-2800
Facsimile: 713-528-5011
Attorney for Defendant