IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Armavia AVIACOMPANY, LLC and ARMAVIA USA, INC. | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )   CIVIL ACTION NO: 4:11-cv-01075 ) |
| TRANSAMERICA INVESTMENT GROUP, INC., d/b/a SKYCARGO SOLUTIONS, INC., JOHN B. BERRY, individually, and PATRICIA P. BERRY, individually, | ) ) ) ) ) |
| Defendants. | ) |

**<u>DEFENDANT TRANSAMERICA INVESTMENT GROUP, INC.
D/B/A SKYCARGO SOLUTIONS, INC.'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>**

TO THE HONORABLE JUDGE:

Defendant TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc. ("SCS" or "Defendant") files this Answer to Plaintiffs' Amended Complaint and in support thereof show as follows:

**A.  Specific Admissions and Denials**

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 1 of Plaintiffs' Amended Complaint. Defendant admits TransAmerica Investment Group, Inc. is a Texas corporation doing business as SkyCargo Solutions, Inc. Defendant also admits that John Berry and Patricia Berry are a married couple residing in River Oaks in Houston, Texas as alleged in paragraph 1 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations in paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant admits SkyCargo Solutions, Inc. executed the Heads of Agreement ("HOA") in 2009 and the HOA relates to a lease of an Airbus aircraft as alleged in paragraph 2 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant admits that John Berry and Patricia Berry were sued by T-M Vacuum; otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint relating to the judgment against GlobaLease and the post-judgment discovery. Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant admits that SCS is a Texas corporation. Defendant denies the remaining allegations in paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant admits that Patricia P. Berry was an initial director of TransAmerica Investment Group, Inc. Defendant admits the remaining allegations in paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendant admits the allegations in paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendant admits the allegations in paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendant admits the allegation in paragraph 10 of Plaintiffs' Amended

Complaint that SCS holds itself out as having expertise in aircraft leasing, structured financing, and aircraft marketing. Defendant denies the remaining allegations in paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant admits the allegation that Armavia and SCS signed the HOA in paragraph 11 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations in paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendant admits that the HOA was mutually negotiated through a number of revisions over a period of weeks and the HOA obligated the parties to specific duties and included warranties and representations with respect to the allegations in paragraph 12 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations in paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendant admits Armavia delivered the deposit by wire transfer on or about July 6, 2009. Defendant denies the remaining allegations in paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant admits the HOA did not contain a provision that it had to subsequently increase its net worth by the amount identified in paragraph 16 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations in paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiffs' Amended

Complaint.

18. Defendant denies the allegations in paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant denies the allegations in paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiffs' Amended Complaint.

24. Defendant admits that John Berry and Patricia Berry were sued by T-M Vacuum and the claims of T-M Vacuum are accurately summarized as alleged in paragraph 24 of Plaintiffs' Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 of Plaintiffs' Amended Complaint.

25. The allegations in paragraph 25 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

26. Defendant admits the HOA is a valid and enforceable contract between Armavia and SCS as alleged in paragraph 26 of Plaintiffs' Amended Complaint. Defendant denies the

remaining allegations in paragraph 26 of Plaintiffs' Amended Complaint.

28. Defendant denies the allegations in paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiffs' Amended Complaint.

31. The allegations in paragraph 31 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

32. Defendant denies the allegations in paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiffs' Amended Complaint.

34. The allegations in paragraph 34 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

35. Defendant denies the allegations in paragraph 35 of Plaintiffs' Amended Complaint.

36. The allegations in paragraph 36 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent

necessary.

37. Defendant denies the allegations in paragraph 37 of Plaintiffs' Amended Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiffs' Amended Complaint.

39. Defendant admits Armavia and SCS signed the HOA and Armavia sent the Deposit to SCS as alleged in paragraph 39 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations in paragraph 39 of Plaintiffs' Amended Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiffs' Amended Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42. The allegations in paragraph 42 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

43. Defendant denies the allegations in paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiffs' Amended Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiffs' Amended Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant denies the allegations in paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant denies the allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50. The allegations in paragraph 50 do not require a specific admission or denial. See cited paragraphs for specific admissions and denials which are incorporated herein to the extent necessary.

51. Defendant denies the allegations in paragraph 51 of Plaintiffs' Amended Complaint.

52. Defendant denies the allegations in paragraph 52 of Plaintiffs' Amended Complaint.

## B. Affirmative Defenses

53. Plaintiffs' claims and causes of action are barred by applicable statutes of limitation. The statutory time periods have elapsed between the acts about which Plaintiffs complain and the filing of this action.

54. Plaintiffs' claims and causes of action are barred by their prior material breach of the contract at issue. Plaintiffs breached the contract in numerous manners such as (i) making false representations and warranties regarding their financial strength, equity, credit rating, capacity, ability, and desire to perform all aspects of the transaction at issue; (ii) failing to provide financial documents as required by the contract; (iii) providing documents, information and communications that were not accurate and true and correct as required by the contract; (iv) providing documents,

information and communications that were misleading in presentation.

55. Plaintiffs' claims and causes of action are barred by the affirmative defense of fraud. Plaintiffs engaged in numerous fraudulent acts such as (i) making false representations and warranties regarding their financial strength, equity, credit rating, capacity, ability, and desire to perform all aspects of the transaction at issue; (ii) providing documents, information and communications that were not accurate and true and correct as required by the contract and (iii) providing documents, information and communications that were misleading in presentation. Plaintiffs intended that Defendant rely on such false representations and warranties and such documents, information and communications. Defendant relied on such false representations and warranties and such documents, information and communications in entering into the transaction and contract at issue and suffered injury due to such reliance.

56. Plaintiffs' claims and causes of action are barred by the affirmative defense of failure of consideration. Plaintiffs failed to perform its obligations and breached the contract as described in paragraph 54 and such failure and breach relieved Defendant of its obligation to perform.

57. Plaintiffs' claims and causes of action are barred by the affirmative defenses of waiver and estoppel. Plaintiffs have waived their right to complain and are estopped from complaining about Defendant's performance of the contract due to Plaintiffs' conduct as described in the preceding paragraphs.

58. Plaintiffs' claims and causes of action are barred by their failure to mitigate.

59. Plaintiffs' claims and causes of action are barred by the express terms of the contract at issue. The contract states that the amounts paid to Defendant shall be deemed non-refundable in the event of Lessee default or non-compliance.

## C. Conclusion

FOR THESE REASONS, Defendant TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc. respectfully requests, upon final trial hereof, the Court enter a take nothing judgment against Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc. Defendant further requests all other relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

_____
William W. Rucker
Attorney-in-Charge
TBA No. 17366500
SDT No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-528-2800
Facsimile: 713-528-5011
Attorney for Defendant