IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Armavia AVIACOMPANY, LLC and ARMAVIA USA, INC. ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO: 4:11-cv-01075 |
| TRANSAMERICA INVESTMENT GROUP, INC., d/b/a SKYCARGO SOLUTIONS, INC., JOHN B. BERRY, individually, and PATRICIA P. BERRY, individually, ) ) ) ) ) | |
| Defendants. ) | |

### DEFENDANT PATRICIA P. BERRY'S AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE:

Defendant Patricia P. Berry files this Amended Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and in support thereof shows as follows:

**PROCEDURAL BACKGROUND**

1. On March 23, 2011, Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc. ("Plaintiffs') filed their Original Complaint against TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc., John B. Berry and Patricia P. Berry.[1]  Plaintiffs alleged causes of action for breach of agreement, conversion, money had, fraud and RICO violation under 18 USC § 1962.

2. In April 2011, Defendants TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc. and John B. Berry filed their Original Answers.  On April 20, 2011, Patricia P. Berry filed her initial Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil

---

[1] In this Amended Motion, "the Berrys" refers to John B. Berry and Patricia P. Berry and "John Berry" refers to "John B. Berry."

Procedure 12(b)(6).

3. On May 6, 2011, Plaintiffs filed their Amended Complaint against TransAmerica Investment Group, Inc. d/b/a SkyCargo Solutions, Inc., John B. Berry and Patricia P. Berry. Plaintiffs allege causes of action for breach of agreement, conversion, money had, fraud, RICO violation under 18 USC § 1962(a) and (d) and unjust enrichment. Plaintiffs allege only the latter two causes of action against Defendant Patricia P. Berry ("Patricia Berry") and no longer allege a cause of action for fraud against Patricia Berry.

### STANDARD OF REVIEW

4. To avoid dismissal under Rule 12(b)(6), a complaint must contain facts which, when accepted as true, are sufficient to "'state a claim to relief that is plausible on its face.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Great Lakes Dredge*, 624 F.3d at 210 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). In deciding whether the complaint states a plausible claim for relief, the Court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008) (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001)). The Court, however, does not accept as true any "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Great Lakes Dredge*, 624 F.3d at 210 (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *Iqbal*, 129 S.Ct. at 1940).

### ARGUMENT AND AUTHORITIES

5. In their Amended Complaint, Plaintiffs now allege that Patricia Berry is an officer or

director of at least two organizations registered in the State of Texas and none of them has more than three officers or directors and several share addresses.[2] Plaintiffs also allege that Patricia Berry was sued and the plaintiff was awarded summary judgment and uncovered facts showing a corporate entity had used money paid by the plaintiff to pay Patricia Berry's personal expenses. Even if Plaintiffs prove each of these allegations, Plaintiffs have not set forth the essential elements of a claim upon which relief can be granted.

6. Plaintiffs have attempted to state a cause of action for RICO violations and unjust enrichment against Patricia Berry. Plaintiffs, however, did not allege sufficient facts supporting a cause of action under RICO. Unjust enrichment is not an independent cause of action. Therefore, even if Plaintiffs prove the facts alleged in their Amended Complaint, they cannot prove the elements necessary to support claims upon which relief can be granted.

### A. Plaintiffs have again failed to state a claim against Patricia Berry for RICO violations.

7. Plaintiffs have asserted a claim against Patricia Berry for RICO Violation under 18 U.S.C. § 1962(a) and (d). According to the Fifth Circuit Court of Appeals, those subsections, when stated in plain English, state: "(a) a person who has received income from a pattern of racketeering cannot invest that income in an enterprise" and "(d) a person cannot conspire to violate subsections (a), (b), or (c)." *In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993).

8. "RICO claims under all four subsections[3] necessitate: '1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Id.* at 741-42 (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). The Fifth Circuit also explains that element 2 has two components: (i) predicate acts--the requisite

---

[2] Plaintiffs had previously alleged Patricia Berry was an officer/director of at least three such organizations.
[3] The "four subsections" refers to Section 1962(a) through (d). *See id.*

racketeering activity and (ii) a pattern of such acts. *Burzynski*, 989 F.2d at 742 (citing *Delta Truck*, 855 F.2d at 242-43). Furthermore, in order to allege a pattern of such acts, the acts must be related and have continuity. *Burzynski*, 989 F.2d at 742.

9. Furthermore, "[a] pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009), *cert. denied*, 129 S.Ct. 2835, ___ U.S. ___ (2009) (citing *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). "The predicate acts can be either state or federal crimes." *St. Germain*, 556 F.3d at 263. "Predicate acts are 'related' if they 'have the same or similar purposes, results, participants, victims, or methods of commissions, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Burzynski*, 989 F.2d at 742 (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989).

10. Subsection (a) also requires a causal nexus. Under subsection (a), "a plaintiff must allege an injury from 'the use or investment of racketeering income.'" *Abraham*, 480 F.3d at 356 (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)). "An injury arising 'solely from the predicate racketeering acts themselves is not sufficient.'" *Abraham*, 480 F.3d at 356 (quoting *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir. 2002)). The plaintiff's injuries must stem from the use or investment of racketeering income not predicate acts such as fraud and money laundering. *Abraham*, 480 F.3d at 357; *see also Williamson*, 224 F.3d at 443 (stating "injuries due to predicate acts cannot form the basis of an investment injury for purposes of 1962(a)"). "Conclusory allegations are insufficient to state a claim under § 1962(a)." *Abraham*, 480 F.3d at 357 (citations omitted).

11. Under subsection (d), additional specific matters need to be plead. "'Because the

core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.'" *Abraham*, 480 F.3d at 357 (quoting *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995); *Tel-Phonic Servs. Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992)).

12. Here, Plaintiffs' Amended Complaint fails to plead many of the particular matters required to show a claim under Section 1962 and subsections (a) and (d). First, even construing the Amended Complaint in Plaintiffs' favor, Plaintiffs have at best alleged facts showing GlobaLease and SCS received income. Plaintiffs have not alleged facts showing Patricia Berry received income or that she received income from a pattern of racketeering. Plaintiffs have also not alleged facts showing that Patricia Berry invested that income in an enterprise. At best, Plaintiffs may have alleged facts showing GlobaLease or SCS invested income from racketeering in their own enterprise. Second, Plaintiffs have not alleged sufficient facts showing Patricia Berry conspired to violate subsections (a), (b), or (c) of Section 1962. Plaintiffs have not specifically alleged any agreement to conspire to violate Section 1962. *See Abraham*, 480 F.3d at 357 (stating "at the very least" the complaint must specifically allege such an agreement); *Crowe*, 43 F.3d at 206; *Tel-Phonic Servs.*, 975 F.2d at 1140.

13. Next, and perhaps more significantly, Plaintiffs have not alleged facts showing the causal nexus between their injuries and the RICO violation under subsection (a). Plaintiffs have not shown their injuries stem from the use or investment of racketeering income not the alleged predicate criminal acts. For that matter, Plaintiffs have not alleged facts showing Defendants' conduct rises to criminal activity and instead have alleged that two different entities received money from other entities. Furthermore, Plaintiffs have not alleged sufficient facts showing Patricia Berry violated subsection (a). Plaintiffs allege that "John Berry fraudulently induced Armavia to enter the

HOA and wire-transfer a deposit of $1,312,500 in reliance on representations that SCS had the expertise … to arrange the sale-leaseback….." *See* Plaintiffs' Amended Complaint, ¶ 46.  Plaintiffs also allege John Berry "lacked the expertise, capability and intention to arrange the above-mentioned sale-leaseback and instead used the Deposit … to operate SCS … or one of the numerous other business organizations of which John Berry or Patricia Berry are officers, in violation of 18 U.S.C. § 1962(a)." *See* Plaintiffs' Amended Complaint, ¶ 46.  Plaintiffs have not alleged that Patricia Berry was involved in inducing the wire transfer, receiving the wire transfer or arranging the sale-leaseback.  Plaintiffs have not alleged that Patricia Berry engaged in any conduct constituting a violation of subsection (a).  Instead, Plaintiffs merely allege that John Berry used Plaintiffs' deposit to operate SCS <u>or</u> an organization of which John Berry <u>or</u> Patricia Berry is an officer.  In the Amended Complaint, the only allegation of Patricia Berry's connection to the violation of subsection (a) is that she <u>may</u> have been an officer of an organization which John Berry <u>may</u> have operated by using Plaintiffs' deposit.  This double contingency fails to show the required causal nexus between the use or investment of income in an enterprise and Plaintiff's injuries.

14.     Moreover, even assuming the two entities breached the agreement under which the money was transferred, two separate incidents of breach of contract do not amount to racketeering activity.  If that were the case, since bankruptcies nearly always involve multiple debts, every bankruptcy petitioner would be subject to liability under RICO.  For that matter, every person and entity that breached more than one contract would be subject to liability under RICO.  For obvious reasons, this approach cannot be the state of the law.

15.     Plaintiffs have therefore not alleged sufficient facts supporting their cause of action against Patricia Berry for RICO violations and her Amended Motion to Dismiss should be granted.

**B.     Plaintiffs have no claim against Patricia Berry for unjust enrichment.**

16.    "Unjust enrichment is not an independent cause of action, but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." *In re Guardianship of Fortenberry*, 261 S.W.3d 904, 915 (Tex. App. – Dallas 2008, no pet.) (citing *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App. – Dallas 2006, no pet.), *rev'd on other grounds,* 240 S.W.3d 869 (Tex. 2007); *Oxford Fin. Co. v. Velez*, 807 S.W.2d 460, 465 (Tex. App. – Austin 1991, writ denied)); *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App. – Waco 2008, pet. denied) (citing *Friberg-Cooper Water Supply Corp. v. Elledge,* 197 S.W.3d 826, 832 (Tex. App. – Fort Worth 2006, pet. filed); *Walker,* 181 S.W.3d at 900; *Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex. App. – Corpus Christi 2002, pet. denied); *Best Buy Co. v. Barrera,* 214 S.W.3d 66, 73 (Tex. App. – Corpus Christi 2006, pet. filed), *rev'd on other grounds,* 248 S.W.3d 160 (Tex. 2007)); *see also Argyle ISD v. Wolf*, 234 S.W.3d 229, 246 (Tex. App. – Fort Worth 2007, no pet. h.) (citations omitted); *Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 709  n. 4 (Tex. App. – Corpus Christi 2006, pet. denied); *Barnett v. Coppell N. Texas Ct., Ltd.*, 123 S.W.3d 804, 816-17 (Tex. App. – Dallas 2003, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App. – El Paso 1997, no writ).

17.    Since Texas law, which is the law governing the causes of action plead by Plaintiffs, does not recognize a separate cause of action for unjust enrichment, Plaintiffs have not stated a claim upon which relief can be granted.

18.    Unjust enrichment is not a claim upon which relief can be granted.  Thus, Patricia Berry's Amended Motion to Dismiss should be granted.

7

## CONCLUSION

19. Since Plaintiffs have not plead sufficient facts supporting their allegations that Patricia Berry committed RICO violations under 18 U.S.C. § 1962(a) and (d) or that Patricia Berry has been unjustly enriched, Patricia Berry's Amended Motion to Dismiss for Failure to State a Claim should be granted.

FOR THESE REASONS, Defendant Patricia Berry respectfully requests the Court grant her Amended Motion to Dismiss for Failure to State a Claim and enter an Order dismissing Plaintiffs Armavia AVIACOMPANY, LLC and Armavia USA, Inc.'s claims and causes of action against Defendant. Defendant further requests all other relief, at law and in equity, to which she is justly entitled.

Respectfully submitted,

/s/ William W. Rucker
_____
William W. Rucker
Attorney-in-Charge
TBA No. 17366500
SDT No. 3669
3355 West Alabama, Suite 825
Houston, Texas 77098
Telephone: 713-528-2800
Facsimile: 713-528-5011
Attorney for Defendant